**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                                   **PLAINTIFF**

v.                         **Case No. 4:07-cr-00273-LPR-1**

**LEONARD ANDRE THOMPSON**                                      **DEFENDANT**
**Reg No. 24872-009**

## ORDER

In June of 2008, Leonard Thompson pled guilty to the offense of being a felon in possession of a firearm and was sentenced to 188 months imprisonment. (Doc. 28). Mr. Thompson estimates his release date as October 31, 2021. (Doc. 32). On June 23, 2020, Mr. Thompson filed a pro se Motion for Compassionate Release. (*Id.*). Mr. Thompson asserts that he "filed a request for compassionate release with FCC Complex Warden Mr. Dewayne Hendrix on May 18, 2020," that the warden did not respond within 30 days, and that Mr. Thompson had therefore exhausted his administrative remedies. (*Id.*). He argues that he is at risk for "serious health complications and even death" because of his diabetes and hypertension and that the overcrowded prison environment "disfavors social distancing" which creates a dangerous living environment for him. (*Id.*).

On July 7, 2020, the Government filed its Response to Mr. Thompson's Motion. (Doc. 34). It argues that Mr. Thompson has not proven that he exhausted his administrative remedies. (*Id.*). The Government notes that Mr. Thompson has not provided to the Court a copy of the alleged compassionate release request he made to the warden. (*Id.* at 3). The Government also notes that the BOP says that there is no record of such a request being filed. (*Id.*). Finally, the Government argues that Mr. Thompson's medical conditions in light of COVID-19 do not

constitute a compelling reason to warrant compassionate release and that Mr. Thompson remains a danger to the community. (*Id.*).

While Mr. Thompson asserts that he "filed a request for compassionate release" with the warden, he has not attached a copy of the request he filed with his Motion. Mr. Thompson bears the burden of showing that he has exhausted his administrative remedies. *United States v. Johnson*, Case No. 4:00-CR-40023, 2020 WL 1434367, at *1 (W.D. Ark. Mar. 24, 2020); *see also United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). Mr. Thompson's pro se Motion for Compassionate Release is DISMISSED for lack of jurisdiction because Mr. Thompson has not shown that he has exhausted his administrative remedies. *See United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, 2020 WL 2487277 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies). If Mr. Thompson can prove that he sent a letter to the warden requesting compassionate release, and that he meets the other requirements of jurisdiction, he may of course file a new Motion for Compassionate Release with the Court. *See id.*

IT IS SO ORDERED this 17th day of July 2020.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE