**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                                                     **PLAINTIFF**

**v.**                                            Case No. 4:07-cr-00273-LPR

**LEONARD ANDRE THOMPSON**                                             **DEFENDANT**

## ORDER

Before the Court is Defendant Leonard Andre Thompson's pro se Motion for Reconsideration. (Doc. 37). Mr. Thompson asks the Court to reconsider its earlier dismissal of his Motion for Compassionate Release. (Docs. 32, 35).

On July 17, 2020, the Court dismissed Mr. Thompson's Motion for Compassionate Release for lack of jurisdiction. (Doc. 35). The Court based this decision on information from the Government. The Government informed the Court that the BOP had no record of a compassionate release request filed by Mr. Thompson. (Doc. 34 at 3). In his Motion for Reconsideration, Mr. Thompson once again said that he had sent a compassionate release request to Mr. Dewayne Hendrix, the FCC Complex Warden. (Doc. 37). In addition, Mr. Thompson provided a declaration swearing to this. (Doc. 37 at 3). The Government initially responded by saying that Mr. Thompson still had not carried his burden on the jurisdictional question. (Doc. 39).

The Court then ordered the Government to "either (1) provide a declaration from an appropriate BOP official that states the BOP/Warden has not received a such a request from Mr. Thompson, or (2) provide any potentially relevant request that the BOP/Warden has received from Mr. Thompson." (Doc. 40). In response to the Court's Order, the Government's story changed:

> Prior to the filing of the initial response to defendant's motion for compassionate release by the United States, the facility where the defendant is housed reported that no request for compassionate release had been received from the defendant. The United States prepared its response in reliance on this information. In response to this Court's August 13, 2020 order, the United States again requested information regarding whether the defendant had made a request and was informed that he had submitted a request for compassionate release that was denied by the warden on June 26, 2020. *See* Government Exhibit 1. In light of this new information, the United States respectfully withdraws its prior contention that the defendant's motion be dismissed for lack of proof of exhaustion. The United States further wishes to assure this Court that its prior argument in favor of a jurisdictional bar was made in good faith based on the information it had at the time the argument was presented to this Court. The United States respectfully contends that the defendant's motion be denied on the basis that compassionate release is not warranted in this case.

(Doc. 42 at 1-2). Along with this response to the Court's Order, the Government provided Mr. Thompson's request for compassionate release to the warden. That documentation shows that Mr. Thompson filed his request for compassionate release with the BOP on May 19, 2020. The warden did not respond to his request within thirty (30) days. So the Court has jurisdiction under 18 U.S.C. § 3582(c)(1)(A) to consider his instant Motion.[1] The Government wisely withdraws its prior contention that Mr. Thompson's Motion be dismissed.[2] (Doc. 42 at 2).

Accordingly, Mr. Thompson's pro se Motion for Reconsideration is GRANTED. (Doc. 37). The Court will now proceed to consider the Motion for Compassionate Release on its merits. For the reasons discussed below, Mr. Thompson's Motion for Compassionate Release is DENIED.

### 18 U.S.C. § 3582(c)(1)(A)

According to 18 U.S.C. § 3582(c)(1)(A)(i), the Court may reduce a term of imprisonment only if, "after considering the factors set forth in § 3553(a)," it finds that "extraordinary and

---

[1] *See United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, 2020 WL 2487277 (E.D. Ark. May 14, 2020).

[2] In future cases in front of this Court, if the Government intends to argue that a prisoner's motion for compassionate release should be dismissed because he or she has not filed an appropriate request with the warden, the Court will require the Government's response to be accompanied by a declaration from an appropriate BOP official. The Assistant United States Attorney responsible for this case must share this Order and particularly the instruction in this footnote with the United States Attorney for the Eastern District of Arkansas.

compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Congress did not define what constitutes an "extraordinary and compelling" reason. Instead, Congress expressly instructed the Court to consider the Sentencing Commission's pertinent policy statements.[3] Section 1B1.13 of the United States Sentencing Guidelines (U.S.S.G.) serves as the Sentencing Commission's "general policy statement" regarding the "appropriate use" of the sentence modification provisions found in 18 U.S.C. § 3582(c). 28 U.S.C. § 994(a)(2).[4]

For the most part, § 1B1.13 mirrors the requirements found in 18 U.S.C. § 3582(c)(1)(A). But Congress specifically required the Sentencing Commission to include in its policy statement "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). This statutory requirement manifests a clear congressional intent for the Sentencing Commission to have the ultimate say on what constitutes an "extraordinary and compelling" reason under 18 U.S.C. § 3582(c)(1)(A)(i). Because the Court can only modify a term of imprisonment if it is consistent with the Sentencing Commission's policy statement, the Court can therefore only modify Mr. Thompson's term of imprisonment if it would be consistent with U.S.S.G. § 1B1.13.[5]

---

[3] Under 18 U.S.C. § 3582(c)(1)(A)(i), the Court must ensure that any reduction in sentence comports with the Sentencing Commission's applicable policy statements. The Court is also required to consider the Sentencing Commission's general policy statement when considering the factors listed in 18 U.S.C. § 3553(a). Specifically, § 3553(a) states that the Court "shall consider" any pertinent policy statement issued by the Sentencing Commission under 28 U.S.C. § 994(a)(2). *See* 18 U.S.C. § 3553(a)(5)(A).

[4] "The Commission is required by 28 U.S.C. § 994(a)(2) to develop general policy statements regarding application of the guidelines or other aspects of sentencing that in the view of the Commission would further the purposes of sentencing (18 U.S.C. § 3553(a)(2)), including, among other things, the appropriate use of the sentence modification provisions set forth in 18 U.S.C. § 3582(c). In doing so, the Commission is authorized by 28 U.S.C. § 994(t) to 'describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.' This policy statement implements 28 U.S.C. § 994(a)(2) and (t)." FEDERAL SENTENCING GUIDELINES § 1B1.13 Background (U.S. SENTENCING COMM'N 2020).

[5] Once again, the Court is required to "consider" the Sentencing Commission's policy statement in order to satisfy its obligation to consider "the factors set forth in § 3553(a) . . . ." 18 U.S.C. § 3582(c)(1)(A). The Court is further required to adhere to § 1B1.13 insofar as any sentence reduction must comport with the "applicable policy

In 2008, the Court sentenced Mr. Thompson to 188 months of imprisonment after Mr. Thompson pled guilty to the Class A felony of felon in possession of firearm in violation of 18 U.S.C. § 922(g)(1) and 924(c).  (Doc. 28).  By Mr. Thompson's calculation he has a projected release date of October 31, 2021.  (Doc. 32).  Mr. Thompson describes himself as fifty-four (54) years old[6] and with health issues that he believes put him at risk for COVID-19 complications.  (Doc. 32). Mr. Thompson says he "is a diabetic and also has hypertension for which he takes daily medication."  (*Id.*).  Mr. Thompson also informs the Court that he "has chronic obstructive pulmonary disease," which significantly concerns him in relation to catching COVID-19.  (*Id.*).  Mr. Thompson also notes that social distancing of at least six (6) feet is "impossible within an overcrowded correctional setting . . . [that] has operated 25-30% over rated capacity for years." (*Id.*).  The Government informs the Court that Mr. Thompson has already tested positive for COVID-19 in May of 2020, and that he "was screened for symptoms daily between May 19, 2020, and June 1, 2020, with no symptoms reported on any of those dates, and was declared recovered from COVID-19 on June 11, 2020."  (Doc. 34 at 13).

The U.S.S.G. § 1B1.13 permits the Court to reduce a term of imprisonment if three factors are met: (1) extraordinary and compelling reasons warrant the reduction or the defendant is at least seventy (70) years old and served at least thirty (30) years in prison; (2) the defendant is not a danger to the safety of any other person in the community; and (3) the reduction is consistent with the whole of the policy statement.  The Application Notes to the policy statement identify the medical condition of a defendant as something that could satisfy the extraordinary and compelling

---

statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

[6] To the extent that Mr. Thompson makes an age-based claim, it is unavailing.  Under U.S.S.G. § 1B1.13 cmt.1(B), a defendant must be at least sixty-five (65) years old for his age to be considered extraordinary and compelling, and under 18 U.S.C. § 3582(c)(1)(A)(ii) a defendant must be at least seventy (70) years of age to receive a sentence modification.

reasons factor.  Under U.S.S.G. § 1B1.13 cmt.1(A)(i), a defendant suffering from terminal illness can be determined to have an extraordinary and compelling reason.  This does not apply to Mr. Thompson.

Under U.S.S.G. § 1B1.13 cmt.1(A)(ii), a defendant who suffers from (1) a serious medical or physical condition, (2) a serious functional or cognitive impairment, or (3) experiences deteriorating physical or mental health because of the ageing process could be found to have an extraordinary and compelling reason if that condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  Mr. Thompson's ability to care for himself within the correctional facility has not so substantially diminished as to qualify as an extraordinary and compelling circumstance.  Indeed, Mr. Thompson informed the Court that he receives daily medication to regulate his diabetes and hypertension.  (Doc. 32).  He has also already contracted the virus and recovered from it.  (Doc. 34 at 13).

The Court is sympathetic to Mr. Thompson's situation but determines that reducing his sentence is not an appropriate remedy in this case.[7]  He does not meet the statutory requirements of 18 U.S.C. § 3582(c)(1)(A) nor does he meet the factors set forward in U.S.S.G. § 1B1.13.  Because Mr. Thompson does not meet the first guideline requirement of extraordinary and compelling reasons warranting a reduction, the Court does not need to consider the second requirement of whether the defendant is not a danger to the safety of any other person or to the

---

[7] In addition to 18 U.S.C. § 3582(c)(1)(A), Mr. Thompson also cites to the BOP's Program Statement 5050.50 as an authority governing compassionate release. (Doc. 32).  This Statement provides a nonexclusive list of other factors to consider when assessing whether a defendant presents "other" extraordinary and compelling circumstances.  BOP Program Statement 5050.50 at 12 (2019).  This Statement serves to guide "wardens and other BOP officials in determining when extraordinary and compelling reasons exist."  *United States v. McCloud*, No. 2:08-CR-00022, 2020 WL 3066618, at *4 (D.N.D. June 9, 2020).  To the extent that it should be given weight by a Court, this Court does not find any specific factor, or combination of factors, to be relevant or compelling.

community.  U.S.S.G. § 1B1.13(2).

## CONCLUSION

For all of the foregoing reasons, Mr. Thompson's Motion for Reconsideration (Doc. 37) is GRANTED and his Motion for Compassionate Release (Doc. 32) is DENIED without prejudice.

IT IS SO ORDERED this 20th day of August.

*(signature)*

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE